# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

Civil Division

FILED
IN THIS OFFICE
NOV 13 2026
Clerk U.S. District Court
Greensboro, NC
BY BT

| | |
|---|---|
| Patricia Renee Mishawum<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br>NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES- Services for the Blind Etral<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. 1:26-cv-1342<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☐ Yes ☒ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Patricia R Mishawum |
| Street Address | 209 McCoy Road |
| City and County | Reidsville |
| State and Zip Code | North Carolina 27320 |
| Telephone Number | 336-637-7678 |
| E-mail Address | patriciamishawum@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Chris Egan |
| Job or Title *(if known)* | Assistant Secretary for Employment and Community |
| Street Address | 1915 Health Services Way |
| City and County | Raleigh |
| State and Zip Code | NC |
| Telephone Number | 919-855-3525 |
| E-mail Address *(if known)* | chris.egan@dhhs.nc.gov |

Defendant No. 2

| | |
|---|---|
| Name | John Samuel |
| Job or Title *(if known)* | Dircetor |
| Street Address | 1915 Health Services Way |
| City and County | Raleigh |
| State and Zip Code | North Carolina 27607 |
| Telephone Number | 919-527-6700 |
| E-mail Address *(if known)* | John.samuel@dhhs.nc.gov |

Defendant No. 3

| | |
|---|---|
| Name | Patricia Sikes |
| Job or Title *(if known)* | Asst Dirctor |
| Street Address | 1915 Health Services Way |
| City and County | Raleigh |
| State and Zip Code | North Carolina 27607 |
| Telephone Number | 919-5276715 |
| E-mail Address *(if known)* | patricia .sikes@dhhs.nc.gov |

Defendant No. 4

| | |
|---|---|
| Name | Andrea Dickerson |
| Job or Title *(if known)* | Area Supervisor |
| Street Address | 450 West Hames Mill Road |
| City and County | Winston -Salem |
| State and Zip Code | North CarolinaAssistant Secretary for Employment and |

Defendant No. 5

| | |
|---|---|
| Name | North Carolina Department of Health & human Service |
| Job or Title *(if known)* | Services for the Blind |
| Street Address | 1915 Health Services Way |
| City and County | Raleigh, N.C. |
| State and Zip Code | North Carolina |
| Telephone Number | 919-855-3525 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

| | |
|---|---|
| Telephone Number | 336-968-3818 |
| E-mail Address *(if known)* | andrea.dickerson@dhhs.nc.gov |

**C. Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Winston Salem Services for the Blind |
| Street Address | 450 West Hanes Mill Road |
| City and County | Winston-Salem |
| State and Zip Code | North Carolina |
| Telephone Number | 336-968-3800 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:

TITLE VII RACE DISCRIMINATION 42 U.S.C. §§ 2000e(a), 2000e-2(a)(1);

☒ Relevant state law *(specify, if known)*:

COUNT II TITLE VII RETALIATION 42 U.S.C. § 2000e-3(a))

☐ Relevant city or county law *(specify, if known)*:

Statutes
28 U.S.C. § 1331 1Dyslexia, autism spectrum disorder, attention-deficit/hyperactivity disorder (ADHD), and low vision due to a traumatic brain injury (TBI).
42 U.S.C. § 2000e-3(a) 6
42 U.S.C. § 2000e-5(f)(3) 1
42 U.S.C. §§ 2000e(a), 2000e-2(a)(1) 5

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☒ Failure to hire me.
- ☐ Termination of my employment.
- ☒ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: Dyslexia, autism spectrum disorder, attention-deficit/hyperactivity disorder (ADHD), and low vision due to a traumatic brain injury (TBI). and eye damage

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

December 5, 2025 I filed the EEOC case on December 16, 2025

C. I believe that defendant(s) *(check one)*:

- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race — Native American
- ☒ color — brown
- ☒ gender/sex — female

☐ religion Morman

☐ national origin United States

☒ age *(year of birth)* 1959 *(only when asserting a claim of age discrimination.)*

☒ disability or perceived disability *(specify disability)*

Dyslexia, autism spectrum disorder, attention-deficit/hyperactivity disorder (ADHD), and low vision due to a traumatic brain injury (TBI). and eye damage

E. The facts of my case are as follows. Attach additional pages if needed.

Dyslexia, autism spectrum disorder, attention-deficit/hyperactivity disorder (ADHD), and low vision due to a traumatic brain injury (TBI). and eye damage. These were openly disclosed at time of hiring when I moved here from New England in 2023. That I use assistive technolgy since 1970

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

12/16/2025

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 9/28/2026 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☒ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

. Declare, if established by the evidence, that Defendant violated Title VII;
B. Order appropriate prospective relief requiring nondiscriminatory consideration for an available Counselor in Charge or equivalent position under lawful, consistently applied criteria, if such relief is available and appropriate;
C. Award costs as permitted by law; and
D. Grant other relief the Court finds lawful and supported by the evidence.
Plaintiff seeks an adjustment to bring their pay and salary in line with the amount offered to the candidate in Jan 2026 who was hired. Plaintiff seeks recovery of attorney's fees incurred in connection with this matter, if she can retain counsel, to the extent attributable to the alleged selection decision. Plaintiff does not demand a jury trial at this time
The Plaintiff seeks monetary loss attributable to the alleged selection decision. Plaintiff does not demand a jury trial in this draft.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/13/26

Signature of Plaintiff Patricia Renee Mishawum

Printed Name of Plaintiff Patricia Renee Mishawum

### B. For Attorneys

Date of signing: ______________

Signature of Attorney ______________________________

Printed Name of Attorney ______________________________

Bar Number ______________________________

Name of Law Firm ______________________________

Street Address ______________________________

State and Zip Code ______________________________

Telephone Number ______________________________

E-mail Address ______________________________

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| PATRICIA R. MISHAWUM, | ) | Civil Action No. __________ |
| Plaintiff, | ) | |
| v. | ) | |
| NORTH CAROLINA DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, | ) | |
| Defendant. | | |

# COMPLAINT FOR TITLE VII RACE DISCRIMINATION AND RETALIATION

## TABLE OF CONTENTS


| | Page |
|---|---|
| **JURISDICTION AND VENUE** | 1 |
| **PARTIES** | 1 |
| **ADMINISTRATIVE HISTORY** | 2 |
| **FACTUAL ALLEGATIONS** | 3 |
| **COUNT I TITLE VII RACE DISCRIMINATION 42 U.S.C. §§ 2000e(a), 2000e-2(a)(1)** | 5 |
| **COUNT II TITLE VII RETALIATION 42 U.S.C. § 2000e-3(a)** | 6 |
| **REQUEST FOR RELIEF** | 7 |
| **POTENTIAL EXHIBITS FOR REVIEW, NOT ATTACHED** | 8 |
| **CERTIFICATE OF COMPLIANCE** | 8 |
| **CERTIFICATE OF SERVICE** | 8 |

## TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

28 U.S.C. § 1331 ....................................................................................................... 1

42 U.S.C. § 2000e-3(a) ............................................................................................... 6

42 U.S.C. § 2000e-5(f)(3) ............................................................................................ 1

42 U.S.C. §§ 2000e(a), 2000e-2(a)(1) ......................................................................... 5

1. Plaintiff Patricia R. Mishawum brings this action under Title VII of the Civil Rights Act of 1964, as amended, for alleged race discrimination in a Counselor in Charge selection and, subject to the factual confirmation identified below, retaliation related to that selection.

2. Plaintiff proceeds on the basis of the facts and allegations stated below. Where this Complaint identifies an allegation as reported in an EEOC charge or internal complaint, it reports Plaintiff's allegation, not an agency finding or an adjudicated fact.

## JURISDICTION AND VENUE

3. This Court has federal-question jurisdiction over Plaintiff's Title VII claims under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) because the challenged selection concerned a position in the Division of Services for the Blind's Winston-Salem District Office in North Carolina. The records identify the office at 450 West Hanes Mill Road, Winston-Salem, North Carolina.: The challenged CIC vacancy was assigned to this office, the selection decision was made here, and the Agency receives federal funds and does not supply any qualified Vocational Rehabilitation counselors with proper education to assist and federal referrals to this office. Instead, it supplies social workers without the proper CRCC education

## PARTIES

5. Plaintiff is an individual residing in Reidsville, North Carolina.

6. The records identify the North Carolina Department of Health and Human Services ("NCDHHS") as Plaintiff's employing state agency. Plaintiff provisionally names

NCDHHS as Defendant. The EEOC charge identified the respondent as "DHHS Services for the Blind." The records identify the Division of Services for the Blind ("DSB") as a DHHS division legal defendant name and the proper recipient for service before filing.]

7. Plaintiff names her individual supervisor as a Title VII witness. /Defendants

Chris Egan, Assistant Secretary for Employment and Community

John Samuel, Director of Services for the Blind

Patricia Sikes, Asst. Director of Services for the Blind

Jordan Thomas, Chief of Rehabilitation Services for the Blind

Andrea Dickerson, Area Supervisor, Winston-Salem Services of the Blind

All as **individual Title VII defendants**.

## ADMINISTRATIVE HISTORY

8. Plaintiff filed EEOC Charge No. 435-2026-00425 against "DHHS Services for the Blind." The Form 5 states that the charge was based on age, race, and retaliation and concerned a Counselor in Charge/Vocational Rehabilitation Counselor selection. (10052025_Charge of Discrimination.pdf at 1.)

9. The date the first charge was filed requires confirmation. The Form 5 signature date and EEOC case-status materials state December 16, 2025, while an EEOC portal entry reproduced in a Project file lists December 16, 2025. (10052025_Charge of Discrimination.pdf at 2; Patricia R. Mishawum My EEOC Case.docx at 1; NEW EEOC Case and Investigate a Retaliation Charge.docx.)

10. On September 28, 2026, the EEOC issued a Determination and Notice of Rights for Charge No. 435-2026-00425. The EEOC stated that it would not proceed further with its

investigation and made no determination as to whether further investigation would establish a statutory violation. (09282026_.U.S. EEOC Determination.pdf at 1.)

11. Plaintiff stated in a November 1, 2026 email that she received the notice on September 28, 2026. The Project does not include an EEOC delivery email, envelope, or other independent receipt record. 12. Plaintiff filed an additional separate EEOC charge, No. 435-2027-00187, on or about November 4, 2026, alleging age and disability discrimination and retaliation concerning later events. Plaintiff does not assert claims from that separate charge in this Complaint at this time

**FACTUAL ALLEGATIONS**

13. Plaintiff began working for DSB in 2024. The first EEOC charge says that she was hired on or about August 14, 2024, as a Temporary Counselor, then changed to a Case Worker Technician. An EIPD annual review says she started on August 14, 2024. (10052025_Charge of Discrimination.pdf at 1; DVR_VR_IPE_Annual_Review.PDF at 1.) [

14. Plaintiff applied for a Counselor in Charge (CIC) position. Her cover letter is dated August 4, 2025, and an interview file is titled "CIC Interview 8/25/2025 10AM." (Patricia R Mishawum CiC Cover letter.pdf at 1; CIC Interview 825202510am.docx at 1–2.)

15. Plaintiff's materials describe a master's degree in Public Administration with Disability Studies-related coursework from Suffolk University and a Master of Science in Rehabilitation Counseling program at Winston-Salem State University. The December 15, 2025 degree audit shows the Rehabilitation Counseling degree was in progress with 9

credits remaining and 81% degree progress. (PW Resume x VR.pdf; 940373754 P Mishawum Degree Audit Works Dashboard.pdf.) :

16. Plaintiff alleges in her EEOC charge that she was told at various points that she needed a master's degree in vocational rehabilitation and CRCC- CRC certification to obtain a VRC position in either state office. The charge also alleges that Plaintiff and two other applicants of color were overlooked for the position. Those statements are Plaintiff's allegations; the underlying communications and applicant records are not included. (10052025_Charge of Discrimination.pdf at 1.) EIPD Counselors and DSB Area supervisor: were the person who communicated a qualification requirement, .

17. On December 5, 2025, DHHS EEO acknowledged receipt of Plaintiff's internal EEO intake complaint alleging discrimination in hiring and promotion based on race, color, and disability. (EEO Acceptance letter and email thread.docx at 1.)

18. The EEOC charge alleges that a White woman was hired for the position on or about January 3, 2026, and that Plaintiff was not selected. An office email dated January 6, 2026 announced Alyssa Wilmoth as the new Counselor in Charge. The announcement states that Wilmoth had a master's degree in social work and had worked as a DSB VRC since January 2023. (10052025_Charge of Discrimination.pdf at 1; New Counselor in Charge WSDO email to office.docx, image 1.)

19. The complete CIC job posting, the classification specification applicable to that vacancy, Plaintiff's complete application, the selected candidate's application, screening records, interview scores, or the selection decision. The March 2026 VRC posting is a different posting for a transition counselor; the established requirements for the 2025 CIC vacancy. Where again not applied for this second position in the office under the standards used

for the plaintiff could have been hired: Identify the same way they CIC requisition, attach its complete posting and class specification, and state how Plaintiff satisfied every minimum qualification by the relevant date. for both postings]

20. The available announcement identifies the successful candidate's master's degree as social work and her prior DSB VRC employment. The available records do establish that she lacked a related human-services degree, the plaintiff was required to obtain experience or receive an exception to the CIC posting's requirements: the specific qualification Plaintiff alleges was waived or applied differently, and the admissible evidence supporting that comparison.]

**COUNT I TITLE VII RACE DISCRIMINATION 42 U.S.C. §§ 2000e(a), 2000e-2(a)(1)**

21. Plaintiff realleges paragraphs 1 through 20.

22. Plaintiff identifies as Native American/American Indian. The first EEOC charge states that Plaintiff was discriminated against because of her race, Native American, and the internal EEO form identifies American Indian or Alaska Native. (10052025_Charge of Discrimination.pdf at 1; EEOC CIC amended.pdf, race entry.)

23. Plaintiff alleges that she applied and interviewed for the Counselor in Charge position and a transition counselor position and was not selected, and that a younger white woman was selected with less education than what she was required to obtain. The EEOC charge alleges that the selected candidate did not have a master's degree in vocational rehabilitation or CRCC-CRC certification and is not eligible to sit for these without additional education that was required to be obtained by the defendant and its divisions. The January 6 announcement confirms the selected candidate was Alyssa Wilmoth and

identifies her master's degree as social work. (10052025_Charge of Discrimination.pdf at 1; New Counselor in Charge WSDO email to office.docx, image 1.)

24. Plaintiff alleges that the stated education and certification requirements were napplied differently to her and to the selected candidate. The actual CIC posting and the candidates' screening records are not in the available record. Plaintiff therefore does not allege, as an established fact, that the selected candidate was unqualified or that Plaintiff met every minimum qualification. The plaintiff was told that this was the minimum requirement for hiring; the younger white female person selected was not required to get that same education, actual minimum qualifications, Plaintiff's qualifications on the decision date, and the facts showing that race motivated the selection.]

25. Plaintiff alleges that Defendant failed to select her because of her race, in violation of Title VII. Whether Plaintiff met the vacancy's actual minimum qualifications and whether the selection circumstances support an inference of race discrimination require confirmation and discovery.

**COUNT II TITLE VII RETALIATION 42 U.S.C. § 2000e-3(a)**

26. Plaintiff realleges paragraphs 1 through 25.

27. Plaintiff alleges that she opposed discrimination by submitting an internal EEO complaint concerning hiring and promotion. DHHS EEO acknowledged receipt of an intake complaint on December 5, 2025, alleging hiring and promotion discrimination based on race, color, and disability. (EEO Acceptance letter and email thread.docx at 1.)

28. Plaintiff's EEOC charge states that she filed a complaint with Defendant "on or about December 16, 2025" due to not being selected and alleges that a White woman was hired on or about January 3, 2026. (10052025_Charge of Discrimination.pdf at 1.) The date

and content of the complaint, the actual selection-decision date, and the decision-maker's knowledge are not established by the materials provided. Plaintiff's protected complaint alleges race discrimination after the final selection decision. deciding?]

29. Plaintiff alleges that Defendant's decision not to select her was retaliation for her protected complaint. The chronology and decision-making knowledge were confirmed before this claim can responsibly be presented as a factual allegation. As the final selection decision preceded the protected complaint, to EEOC this retaliation count may be supportable with the current facts.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

A. Declare, if established by the evidence, that Defendant violated Title VII;

B. Order appropriate prospective relief requiring nondiscriminatory consideration for an available Counselor in Charge or equivalent position under lawful, consistently applied criteria, if such relief is available and appropriate;

C. Award costs as permitted by law; and

D. Grant other relief the Court finds lawful and supported by the evidence.

Plaintiff seeks an adjustment to bring their pay and salary in line with the amount offered to the candidate in Jan 2026 who was hired. Plaintiff seeks recovery of attorney's fees incurred in connection with this matter, if she can retain counsel, to the extent attributable to the alleged selection decision. Plaintiff does not demand a jury trial at this time

The Plaintiff seeks monetary loss attributable to the alleged selection decision. Plaintiff does not demand a jury trial in this draft.

Respectfully submitted,

Dated: 11-12-26

Patricia Renee Mishawum

Patricia R. Mishawum
209 McCoy Road
Reidsville, NC 27320
Telephone: 336-637-7678
Email: patriciamishawum@gmail.com
Plaintiff, Pro Se

## POTENTIAL EXHIBITS FOR REVIEW, NOT ATTACHED

Exhibit A: "10052025_Charge of Discrimination.pdf," Form 5, pp. 1–2.

Exhibit B: "09282026_.U.S. eeoc Determination.pdf," p. 1.

Exhibit C: "EEO Acceptance letter and email thread.docx," p. 1.

Exhibit D: "Patricia R Mishawum CiC Cover letter.pdf," p. 1, and "CIC Interview 825202510am.docx," pp. 1–2.

Exhibit E: "New Counselor in Charge WSDO email to office.docx," image 1.

## CERTIFICATE OF COMPLIANCE

This document contains 1,742 words, not counting the captions, tables, signature block, and certificates.

## CERTIFICATE OF SERVICE

I certify that on ____________, I served a true and correct copy of this document on all counsel of record by ____________.